**NOT FOR PUBLICATION**

<pre>
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                    :
JEFFREY JOHNSON,                    :    Civil No. 11-5764 (RMB)
                                    :
               Plaintiff,           :
                                    :         **OPINION**
          v.                        :
                                    :
N.J. DEPT. OF CORREC., et al.,      :
                                    :
                                    :
               Defendants.          :
_____ :
</pre>

**APPEARANCES:**

    JEFFREY JOHNSON, 977662B
    Northern State Prison
    P.O. Box 2300
    Newark, NJ  07114

**BUMB**, District Judge:

Plaintiff, Jeffrey Johnson, a state prisoner incarcerated at Northern State Prison ("NSP"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee.  See 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing

of an amended complaint, and decline to exercise supplemental jurisdiction over claims arising under state law.

## I. BACKGROUND

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by the New Jersey Department of Corrections ("NJDOC"), and P. Shepherd and Mr. Zaak, corrections officers who transported him to South Woods State Prison. Plaintiff asserts the following facts:

> On: 11-10-2010, I was returning to South Wood Prison from a court trip. I was assaulted by two N.J. Department of Correction transportation officers P. Shepherd and Zaak in intake while handcuffed and shackled. I was the only inmate they took into intake. All other inmate[s] were still in the van. Internal Affairs have video tapes and photographs of the lacerations and swelling that I received to my face, head and body.

(Dkt. 1 at 5.)

Plaintiff further alleges that the officer defendants "used excessive physical force against me." (Dkt. 1 at 3.) For violation of his constitutional rights, Plaintiff seeks damages of $100,000. (Dkt. 1 at 6.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action

in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

>pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

>To determine the sufficiency of a complaint under the [Iqbal] pleading regime . . . , a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 1950.  Finally, "where there are well-pleaded

>factual allegations, a court should assume
>their veracity and then determine whether
>they plausibly give rise to an entitlement
>for relief." Id.

Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010) (footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48. Section 1983 of Title 28 of the United States Code provides in relevant part:

>Every person who, under color of any statute,
>ordinance, regulation, custom, or usage, of
>any State or Territory . . . subjects, or
>causes to be subjected, any citizen of the
>United States or other person within the
>jurisdiction thereof to the deprivation of
>any rights, privileges, or immunities secured
>by the Constitution and laws, shall be liable
>to the party injured in an action at law,
>suit in equity, or other proper proceeding
>for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United

5

States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff seeks damages under § 1983 against the NJDOC, but a state agency is not subject to suit for damages under § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971).  Accordingly, this Court will dismiss the NJDOC as defendant with prejudice.

A.  Eighth Amendment

This Court construes Plaintiff's allegations as attempting to state an excessive force claim under the Eighth Amendment and § 1983 against corrections officers Shepherd and Zaak.  "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury."  Hudson v. McMillian, 503 U.S. 1, 4 (1992).  Last year, the Supreme Court reversed dismissal of a pro se prisoner's excessive force claim where the prisoner alleged in the complaint:

> that, on June 13, 2007, he was "maliciously and sadistically" assaulted "[w]ithout any provocation" by a corrections officer, respondent Gaddy. According to the complaint, Gaddy, apparently angered by Wilkins' request for a grievance form, "snatched [Wilkins] off the ground and slammed him onto the concrete floor." Gaddy "then proceeded to punch, kick, knee and choke [Wilkins] until another officer had to physically remove him from [Wilkins]." Wilkins further alleged that, "[a]s a result of the excessive force used by

> [Gaddy], [he] sustained multiple physical injuries including a bruised heel, lower back pain, increased blood pressure, as well as migraine headaches and dizziness" and "psychological trauma and mental anguish including depression, panic attacks and nightmares of the assault."

Wilkins v. Gaddy, 130 S.Ct. 1175, 1177 (2010) (footnote and citations omitted).

Like Wilkins, the prisoner in Hudson v McMillion filed suit under § 1983 alleging that corrections officers "had punched Hudson in the mouth, eyes, chest, and stomach without justification, resulting in 'minor bruises and swelling of his face, mouth, and lip' as well as loosened teeth and a cracked partial dental plate."  Wilkins, 130 S.Ct at 1178 (quoting Hudson, 503 U.S. at 4).  The Supreme Court reversed the district court's dismissal of the complaints in both Hudson and Wilkins where both dismissals were grounded on the prisoner's failure to allege significant injury.  The Supreme Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7.  As the Court explained,

> the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or

>   instead evinced such wantonness with respect
>   to the unjustified infliction of harm as is
>   tantamount to a knowing willingness that it
>   occur. In determining whether the use of
>   force was wanton and unnecessary, it may also
>   be proper to evaluate the need for
>   application of force, the relationship
>   between that need and the amount of force
>   used, the threat reasonably perceived by the
>   responsible officials, and any efforts made
>   to temper the severity of a forceful
>   response. The absence of serious injury is
>   therefore relevant to the Eighth Amendment
>   inquiry, but does not end it.

Hudson, 503 U.S. at 7 (citations and internal quotation marks omitted).

Applying Iqbal's plausibility standard and the above constitutional standard to Plaintiff's Complaint, this Court finds that, although Plaintiff's allegations are consistent with the malicious and sadistic use of force, the allegations are also consistent with a good-faith effort to maintain or restore discipline.  Because Plaintiff does not set forth facts describing the circumstances surrounding the alleged assault, his allegations fall short of showing that force was maliciously and sadistically applied for the very purpose of causing harm. Compare Hudson, 503 U.S. at 5 with Banks v. Mozingo, 423 Fed. App'x 123, 126 (3d Cir. 2011) (where correction officer used mace to subdue inmate after he had spat at a guard, and used taser to subdue inmate after he had bitten one of the guards, the  use of force was not malicious and sadistic).  Accordingly, as written,

the Complaint fails to state an Eighth Amendment excessive force claim against corrections officers Shepherd and Zaak.

However, it is conceivable that Plaintiff simply neglected to assert facts that would show that the force used by the officers was applied maliciously and sadistically for the purpose of causing harm, rather than to maintain order.  This Court will therefore grant Plaintiff 30 days to file an amended complaint stating an Eighth Amendment excessive force claim against Shepherd and Zaak.[2]

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over

---

[2] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint.  See 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).

which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.  In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V.   CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the NJDOC with prejudice, dismiss the Eighth Amendment claim without prejudice, and decline to exercise supplemental jurisdiction.

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            United States District Judge

Dated: October 28, 2011