[Dkt. Nos. 20, 21]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JEFFREY JOHNSON,

        Plaintiff,

   v.

N.J. DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

Civil No. 11-5764 RMB/JS

ORDER

Jeffrey Johnson
#556532/977662
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314
    *Pro se Plaintiff*

Erin Marie Greene
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    *Attorneys for Defendants Philip Sheppard and Werner Zaak*

    Plaintiff Jeffery Johnson ("Plaintiff"), formerly an inmate at Southwoods State Prison, claims that the Defendants – correction officers Philip Sheppard and Werner Zaak ("Defendants") – beat him. Plaintiff also claims that he was

1

denied medical treatment after he was beaten.  He asserts both federal constitutional and state law claims of assault and battery.  Defendants have moved for dismissal and, in the alternative, summary judgment.[1]

I.   Background

Plaintiff claims he was beaten by the Defendants following a trip to court and subsequently denied appropriate medical care. In the motion briefing, Defendants submitted a declaration that purports to attach grievances submitted by Plaintiff between November 10, 2010 to November 30, 2011, none of which concern the claims at issue in this case. [Declaration of Frank Pellegrino ¶ 16].  However, the grievances attached include grievances dated January 13, 2012 and April 16, 2012.  [Id. at Ex. D].

In Plaintiff's responsive briefing, Plaintiff disputes the notion that he failed to seek administrative remedies. Plaintiff's initial Complaint [Docket No. 1 at p. 4] indicates that he wrote prison officials regarding the incident at issue.

---

[1] Plaintiff also moved for default judgment. [Docket No. 21].  That motion is DENIED for two reasons.  First, it is inappropriate because the Defendants appear to have received permission from the Court to respond to Plaintiff's complaint out of time [Docket Nos. 17, 19] and Defendants responded within the time allowed [Docket No. 20].  Fed. R. Civ. Pro. 55(a)(requiring the party against who entry of default is sought to have failed to plead or defend).  Second, default judgment requires, and Plaintiff failed, to first obtain entry of default from the Clerk of the Court.  McGann v. Collingswood Police Dep't, No. 10-cv-3458, 2011 WL 2600725, at *7 (D.N.J. June 28, 2011).

Plaintiff's responsive briefing also attached a grievance form dated September 1, 2012 – a form that was not attached to Defendants' briefing. [Docket No. 23]. While that form is a grievance regarding a request to transfer, it appears to indicate that Plaintiff submitted a "complaint" related to the incident at issue in this litigation, though it is unclear whether that reference refers to an administrative grievance or this action. Plaintiff has sought discovery from Defendants on his prior grievances. {Docket No. 22].

II.  Standard

Defendants have requested that this Court treat their motion as a motion to dismiss or, in the alternative, a motion for summary judgment.  Because Defendants submitted a declaration in support of their motion, and that evidence was extrinsic to Plaintiff's Complaint, this Court must treat Defendants' motion as one for summary judgment if it is to consider the declaration. Reyes v. Sobina, 333 F. App'x 661, 662 n. 1 (3d Cir. 2009).  This Court can, and will, do so here because Plaintiff was on notice that this Court could treat the motion as one for summary judgment, given the Defendants' submission of outside materials and their invitation to treat the motion as one for summary judgment.  Id.

Summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In opposing a motion for summary judgment, a litigant may not stand on his pleadings alone, but must instead cite to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only) or other materials in support of their claim. Federal Rules Of Civil Procedure Rule 56(c).

III. Analysis

Defendants argue that: (1) Plaintiff's federal claims, which are lodged under 42 U.S.C. § 1983, should be dismissed because Plaintiff was required, and failed, to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"); and (2) with Plaintiff's federal claims dismissed, this Court should

decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

However, on the record before this Court, Defendants' motion is premature.  With respect to Defendants' first argument, the issue of Plaintiff's efforts to seek administrative relief requires greater clarity and further factual development given: (1) the disconnect between the dates listed in Defendants' declaration and the dates of the attached grievances; (2) the fact that Plaintiff submitted a grievance form in the briefing that was not submitted by Defendants; (3) Plaintiff's reference to grievance efforts in his Complaint; and (4) Plaintiff's potential reference to grievance efforts in the grievance form he submitted in connection with the briefing.  With respect to Defendants' second argument, because that argument is contingent on the dismissal of Plaintiff's federal claims, and this Court declines to dismiss those claims at this time, it too is premature.

IV.  Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is ADMINISTRATIVELY TERMINATED, pending the completion of limited discovery on the exhaustion issue.  Defendants shall

advise the Court whether they intend to renew their motion for summary judgment at the conclusion of that discovery.

/s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: May 7, 2013